UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHAEL W.,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No.   1:24-cv-00378

Hon.  Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff's appeal of Administrative Law Judge (ALJ) Dennis J. Raterink's decision denying Plaintiff's request for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). This appeal is brought pursuant to 42 U.S.C. § 405(g).

The record before the Court demonstrates that Plaintiff suffers from a number of severe medically determinable impairments, including degenerative joint disease of the left ankle after fusion surgery, diabetes mellitus, and peripheral neuropathy. Plaintiff asserts, first, that the ALJ's formulation of Plaintiff's Residual Functional Capacity (RFC) is not supported by substantial evidence because the ALJ failed to fully consider Plaintiff's ability to stand and walk for long periods or to consider that he needed to elevate his legs for relief. Plaintiff also argues that the ALJ's controlling hypothetical to the Vocational Expert (VE) was incomplete or inaccurate because the VE never considered the impact of these restrictions on Plaintiff's ability

1

to perform jobs in the national economy. The Commissioner asserts that substantial evidence supports the ALJ's RFC determination because the medical evidence consistently showed that Plaintiff had a normal gait without need for an assistive device, full strength, engaged in a variety of daily activities, and the finding was consistent with the opinions of the medical experts.

For the reasons stated below, the undersigned recommends that the Court affirm the ALJ's decision.

### I.  Procedural History

#### A.  Key Dates

The ALJ's decision notes that Plaintiff applied for DIB and SSI on January 28, 2021, alleging an onset date of December 20, 2020. (ECF No. 5-2, PageID.25.) Plaintiff's claim was initially denied by the Social Security Administration (SSA) on September 27, 2021. (*Id.*) The claim was denied on reconsideration on September 20, 2022. (*Id.*) Plaintiff then requested a hearing before an ALJ. ALJ Dennis J. Raterink conducted a hearing on Plaintiff's claim on May 9, 2023, and issued his decision on May 24, 2023. (*Id.*) Plaintiff timely filed this lawsuit on April 11, 2024.

#### B.  Summary of ALJ's Decision

The ALJ's decision correctly outlined the five-step sequential process for determining whether an individual is disabled. (ECF No. 5-2, PageID.26-27.) Before stating his findings at each step, the ALJ concluded that Plaintiff's Date Last Insured (DLI) was December 20, 2020. (*Id.*, PageID.27.)

At Step One, the ALJ found that Plaintiff had not engaged in substantial

gainful activity (SGA) from December 20, 2020. (*Id.*)

At Step Two, the ALJ found that the Plaintiff had the following severe impairments: degenerative joint disease of the left ankle, status-post fusion; diabetes mellitus, and peripheral neuropathy. (*Id.*) The ALJ discussed a number of non-severe impairments, including diabetic retinopathy, dyslipidemia, hypertension, obesity, obstructive sleep apnea, right shoulder degeneration, and anxiety. (*Id.*, PageID.28.) The ALJ also discussed the Paragraph B criteria, finding mild limitations in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing self. (*Id.*, PageID.29-30.)

At Step Three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ specifically commented on the impairments listed in 1.18 (abnormality of a major joint(s) in any extremity), 9.00 (endocrine disorder), and 11.14 (peripheral neuropathy). (*Id.*, PageID.31.) The ALJ noted that there was no evidence of extreme limitation in the ability to stand up or to balance while walking or standing. (*Id.*) Plaintiff typically had a normal, unassisted gait, was able to live alone, drive, shop, and perform basic household chores. (*Id.*)

Before going on to Step Four, the ALJ found that the Plaintiff had the following RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: requires a sit/stand option where he can stand for 10 minutes

and sit for [15][1] minutes, alternating; frequently reach in all directions, bilaterally; frequently handle and finger, bilaterally; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance; no work at unprotected heights or with moving mechanical parts; and occasionally work with vibration, in humidity, and in extreme cold.

(*Id.*, PageID.32.)

The ALJ devoted six pages to discussing Plaintiff's RFC.  This discussion included the following:

- a summary of the regulations regarding how the ALJ will address Plaintiff's symptoms (*Id.*, PageID.32),

- a summary of Plaintiff's statements (*Id.*, PageID.32-33),

- a summary of the medical records relating to diabetes (*Id.*, PageID.33-35),

- a summary of consultative examination by Uchebike Nwankwo, M.D., (*Id.*, PageID.33),

- a summary of Andrew Mundwiler, M.D., providing his signature on a handicap parking application, and Carlos Tavera, M.D., providing a State medical need form concerning Plaintiff's neuropathy. (*Id.*, PageID.34),

---

[1] The parties acknowledge that based upon the hypothetical provided to the VE at the hearing, the ALJ meant to write 15 minutes not 50 minutes.  (ECF No. 15, PageID.1114 (footnote 1).)

- a summary of the opinions of Saadat Abbasi, M.D., Ashok Sachdev, M.D., Uchebike Nwankwo M.D., Carlos Tavera, M.D., and Megan Fitzpatrick, ANP-BC. (*Id.*, PageID.35-36), and

- an explanation of how the ALJ arrived at his decision on the Plaintiff's RFC. (*Id.*, PageID.37).

The ALJ further explained that restrictions on Plaintiff's ability to stand, walk, and sit were factors in determining his RFC. (*Id.*, PageID.37.) For those reasons, the ALJ restricted Plaintiff to light work with a sit/stand option. (*Id.*) The ALJ noted that Plaintiff's medical records consistently showed a normal, unassisted gait. (*Id.*)

At Step Four, the ALJ concluded that, through the DLI, the Plaintiff was unable to perform Past Relevant Work (PRW). (*Id.*)

At Step Five, the ALJ considered the Plaintiff's age, education, work experience and RFC, and concluded that there existed a number of jobs in the national economy that Plaintiff could perform, thus leading to the conclusion that Plaintiff has not been under a disability, as defined in the Social Security Act from December 20, 2020, through the decision date. (*Id.*, PageID.39.)

## II. Standard of Review

Review of an ALJ's decision is limited to two issues: (1) "whether the ALJ applied the correct legal standards," and (2) "whether the findings of the ALJ are supported by substantial evidence." *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405

(6th Cir. 2009)); 42 U.S.C. § 405(g).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence.  42 U.S.C. § 405(g).

Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and whatever evidence in the record fairly detracts from its weight.  *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984) (citations omitted).  The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords the administrative decision maker considerable latitude and acknowledges that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

### III.   Analysis

Plaintiff argues that the ALJ failed to fully consider Plaintiff's limited ability to stand and walk throughout the workday or to consider that he needed to elevate

his legs for relief. As a result, Plaintiff says that the ALJ erred by failing to include these restrictions in the hypothetical presented to the VE. Plaintiff argues that the ALJ failed to comply with SSR 96-8p when accessing Plaintiff's RFC by fully explaining why "Plaintiff's reported symptom-related functional limitations and restrictions could not be accepted as consistent with the medical and other evidence" of record. (ECF No. 15, PageID.1119.)

A claimant's RFC is the most, not the least, a claimant can do despite his or her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a)(1); *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 677 n.3 (6th Cir. 2013); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). RFC is an administrative finding of fact reserved for the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Deaton v. Comm'r of Soc. Sec.*, 315 F. App'x 595, 598 (6th Cir. 2009). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec*, 490 F. App'x 748, 754 (6th Cir. 2012). If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Id.*

Ultimately, the ALJ may consider *all* relevant evidence on record, including an individual's medical history, reports of daily activity, and recorded observations. SSR 96-8p. The "ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and nonmedical evidence." *Rudd v. Comm'r*

*of Soc. Sec.,* 531 F. App'x 719, 728 (6th Cir. 2013).

The ALJ indicated that he agreed that Plaintiff's severe diabetes and neuropathy required sit/stand restrictions and took those restrictions into account when formulating the RFC. For these reasons, the ALJ restricted Plaintiff to light work with a sit/stand option where he can stand for 10 minutes and sit for 15 minutes. As set forth in the ALJ's decision, the VE testified that a hypothetical person with an RFC that included these restrictions could perform work in the national economy.

Plaintiff testified that he experiences tingling in both feet, described as a burning, numb pain, with his left leg and left foot worse. (ECF No. 5-2, PageID.74 (hearing transcript).) He thought he could walk a half mile but needed to take breaks when mowing the lawn, before his father bought him a riding mower. (*Id.*, PageID.74-75.) He testified that he could stand for 10-15 minutes, but walking will worsen his pain, requiring him to massage his legs after 15 minutes. (*Id.*, PageID.75.) He can sit, but with his "feet on the ground, there's a problem, and that's probably 15 to 20 minutes in, I would think, maybe." (*Id.*) Plaintiff testified that he has balance issues where "sometimes that I just get off center and I wobble into like a wall, or I grab wall." (*Id.*, PageID.76.) The ALJ summarized Plaintiff's testimony in his decision:

> The claimant alleged disability due to diabetes mellitus type 1, diabetic retinopathy of both eyes (HCC), diabetes mellitus (DM) type 1 with renal complications, DM type 1 with diabetic peripheral neuropathy (HCC), and diabetic polyneuropathy associated with type 1 diabetes (Ex. 2A; 6A). He further asserts these conditions affect his abilities to squat, bend, stand, walk, sit, climb, complete tasks, and use his hands (Ex. 3E; 7E). At the hearing, the claimant testified he stopped working because he was having difficulty sitting/standing for long periods and having

> vision problems due to diabetes. He testified he was able to live alone, care for himself, and perform basic chores. He testified it took him longer to complete activities and his niece came over on the weekends to help him. He testified he was able to drive and typically did once per week. He testified he could drive up to approximately 40 miles at a time but typically did not go that far (Hearing Audio at 1:19:58). He testified his insulin was adjusted all day long and monitored by himself and a computer program/pump. He testified he has tingling in his lower extremities, left worse than right. He testified he also experiences numbness and burning with an intense stinging pain in his feet and legs. He testified he could walk for half a mile without issues, but the more he walked the worse his symptoms were. He testified he could stand for 10-15 minutes at a time and sit for 15-20 minutes at a time. He testified he could lift up to 15 pounds. He testified he has issues with balance and uses walls or chairs to help stabilize himself (Hearing Audio at 1:31:16).

(ECF No. 5-2, PageID.32-33.)

In the opinion of the undersigned, substantial evidence supports ALJ Raterink's conclusion. The ALJ considered that Plaintiff's medical examiners consistently noted he had a normal gait without using walking aids, and his examiners "observed relatively unremarkable clinical examination findings when compared to the frequency and severity of symptoms reported by the claimant." (*Id.*, PageID.34.) The ALJ considered that Dr. Mundwiler had signed an application for a handicapped parking application for Plaintiff indicating that Plaintiff's peripheral neuropathy was permanent, but he left much of the form blank and included no functional limitations. (*Id.*) In considering that Dr. Tavera filled out a State medical need form indicating Plaintiff needed assistance with shopping, laundry, and housework, the ALJ noted that Plaintiff was able to live alone, drive, shop, cook simple meals, and perform basic household chores, including yardwork with breaks. (*Id.*) Further, the ALJ considered Plaintiff's post status left ankle surgery when

9

formulating the RFC, noting that the stand/walk, postural, and exposure to hazard restrictions accommodated his degenerative joint disease of his left ankle. (*Id.*, PageID.35.)

Finally, the ALJ considered the opinions of the medical providers. The ALJ found Dr. Nwanko's opinion that Plaintiff could stand/walk for at least 4 hours, and sit for at least 6 hours unpersuasive, because more restrictive limitations were necessary. (*Id.*, PageID.36.) The ALJ found Dr. Abbasi and Dr. Sachdev's opinions somewhat persuasive because they were consistent with the overall record. (*Id.*) The ALJ, however, determined that further restrictions were necessary finding that:

> The opinions are only somewhat persuasive as the claimant's longitudinal treatment history and allegations/testimony supports a sit/stand option and manipulation limitations due to diabetes, neuropathy, and left ankle degeneration. Otherwise, a reduced range of light exertion is supported by the mostly normal objective clinical findings and the claimant's stability with diabetic care.

(*Id.*) Finally, the ALJ found Nurse Practitioner (NP) Fitzpatrick's opinion somewhat persuasive. (*Id.*, PageID.37.) NP Fitzpatrick opined that Plaintiff could stand/walk 5-10 minutes at a time and was unable to stand/walk without interruption. (*Id.*) She did not indicate how many hours in an 8-hour day Plaintiff could stand/walk or sit. (*Id.*) She indicated that Plaintiff needed to use a cane or assistive device as needed. (*Id.*) She indicated that Plaintiff did not need leg elevation with prolonged sitting and did not need to take unscheduled breaks. (*Id.*) To account for these findings, the RFC included a reduced light range of light exertion, and the ALJ added postural and environmental limitations to accommodate Plaintiff's left ankle degeneration and neuropathy. (*Id.*)

In the opinion of the undersigned, the ALJ did not err in considering Plaintiff's RFC.

### IV. Recommendation

Accordingly, it is respectfully recommended that the Court affirm the decision of the Commissioner because substantial evidence exists to support the ALJ's decision.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: March 18, 2025                                /s/ *Maarten Vermaat*
                                                                 MAARTEN VERMAAT
                                                                 U.S. MAGISTRATE JUDGE